# Robert Wisniewski P.C.
ATTORNEYS-AT-LAW
225 Broadway, Suite 1020
New York, New York 10007

------

TEL: (212) 267-2101
FAX:(212) 587-8115

June 19, 2009

Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
    *VIA ECF*

    **Re: Niemiec et al. v. Ann Bendick Realty. et al.**
    <u>**Docket: 04-cv- 0897 (KAM)**</u>

Dear Judge Matsumoto,

    I am class counsel in the above-captioned matter. This is a joint request by the parties for an entry of the final judgment and order approving the class settlement (the "Final Order"). This is the first request of this kind by any party.

    The reason for this request is the difficult financial situation of a number of the named plaintiffs, all of whom, with the exception of Messrs. Konstanty Trabszo and Pawel Niemyski, are retirees, and more than half of whom are over seventy years old. Further, Messrs. Bronislaw Motyl, Dariusz Czyz and Franciszek Panek are 79, 78 and 75 years old, respectively. Two of the oldest named plaintiffs, Messrs. Motyl and Panek, both of whom returned to Poland, report that they await the settlement amounts due them to pay for certain elective medical procedures not covered by Poland's National Health Insurance scheme.

    Under the proposed class settlement agreement entered into by the parties on October 27, 2008 (the "Settlement Agreement"), the entry of the Final Order starts the time within which Defendants are obligated to make payments to the named plaintiffs and marks the beginning of the class administration period. Defendants are sympathetic to the named plaintiffs' plight but cannot disburse the payments from the settlement fund to them without the entry of the Final Order.

      This Court has already preliminarily approved the Settlement Agreement (Docket No. 146) and cancelled the fairness hearing in light of there being no opposition to the class settlement (Order entered on May 26, 2009). As Defendants advised the Court, lack of opposition to a class settlement is an important factor in the final approval process of a class settlement. ***Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.***, 396 F.3d 96, 118 (2d Cir. 2005)("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.")(quotation omitted) The parties respectfully urge the Court to give due regard to the parties' particular circumstances deserving of this Court's attention.

                                                                                             Sincerely,
                                                                                             -----------s------------
                                                                                           Robert Wisniewski